UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DAVID PAUL KAMINSKI,

    Plaintiff,

  v.                                                                  Case No. 22-CV-8-SCD

KILOLO KIJAKAZI,
  *Acting Commissioner of the Social Security Administration,*

    **Defendant.**

## ORDER DENYING PLAINTIFF'S MOTIONS FOR ATTORNEY'S FEES AND COSTS PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT

David Kaminski, a social security disability claimant, seeks an award of $16,120.99 in attorney fees under the Equal Access to Justice Act (EAJA or the Act), 28 U.S.C. § 2412. *See* Pl.'s Mot., ECF No. 34; Pl.'s 2d Mot., ECF No. 48.[1] "The EAJA provides that a district court may award attorney's fees where (1) the claimant was a 'prevailing party,' (2) the government's position was not 'substantially justified,' (3) no special circumstances make an award unjust, and (4) the claimant filed a timely and complete application with the district court." *Stewart v. Astrue*, 561 F.3d 679, 683 (7th Cir. 2009) (quoting 28 U.S.C. § 2412(d)(1)(A)). Kilolo Kijakazi, the acting commissioner of the Social Security Administration, disputes only the second prong, arguing that Kaminski shouldn't be awarded any fees under the Act because the commissioner's position was substantially justified.

---

[1] That figure includes $13,554.49 for counsel's work up through filing the fee motion and $2,566.50 for work on the fee reply.

"The Commissioner bears the burden of proving that both [her] pre-litigation conduct, including the ALJ's decision itself, and [her] litigation position were substantially justified." *Stewart*, 561 F.3d at 683 (citing *Conrad v. Barnhart*, 434 F.3d 987, 990 (7th Cir. 2006); *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004)). "A position taken by the Commissioner is substantially justified if it has a reasonable basis in fact and law, and if there is a reasonable connection between the facts and the legal theory." *Id.* (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988); *Conrad*, 434 F.3d at 990). "'Substantially justified' does not mean 'justified to a high degree.' The standard is satisfied if there is a 'genuine dispute' or if 'reasonable persons could differ as to the appropriateness of the contested action.'" *Suide v. Astrue*, 453 F. App'x 646, 648 (7th Cir. 2011) (quoting *Stein v. Sullivan*, 966 F.2d 317, 320 (7th Cir. 1992)).

Kaminski applied for disability insurance benefits and supplemental security income based on back impairments and loss of vision in his left eye. *See* R. 223–30, 263–73, 277–86.[2] After several hearings, the Social Security Administration determined that Kaminski became disabled on his fiftieth birthday. *See* R. 24–47. Following the latest hearing, an administrative law judge found that, prior to his fiftieth birthday, Kaminski could maintain concentration for two-hour intervals and keep pace in sit-down jobs that did not involve inflexible or fast-paced production requirements. *See* R. 740–68.

Kaminski sought judicial review under 42 U.S.C. § 405(g), challenging the Commissioner's decision that he was not disabled during the limited period between July 2010 and April 2012. *See* Compl., ECF No. 1. Kaminski raised only one issue on appeal: the ALJ's evaluation of the medical opinion of Ronald W. Manos, a psychologist hired by the Social

---

[2] The transcript is filed on the docket at ECF No. 10-2 to 10-15.

Security Administration to examine Kaminski and prepare a report of his findings. *See* Pl.'s Br., ECF No. 18; Pl.'s Reply, ECF No. 23. Specifically, Kaminski argued that (1) the ALJ failed to provide a good explanation for rejecting Dr. Manos' opinion regarding Kaminski's deficits in concentration and work pace; and (2) to the extent the ALJ accepted Dr. Manos' opined limitations, he failed to accurately present that opinion to the vocational expert.

Kijakazi defended the ALJ's decision in all respects. *See* Def.'s Mem., ECF No. 22. In particular, Kijakazi argued that the ALJ actually *credited* the portions of Dr. Manos' opinion that Kaminski claimed the ALJ rejected. Kijakazi also argued that the ALJ adequately translated Dr. Manos' findings into specific functional terms, presented those limitations to the vocational expert, and included those limitations in his assessment of Kaminski's residual functional capacity.

I largely affirmed the ALJ's decision. *See* Decision & Order, ECF No. 28. First, I determined that the ALJ accepted Dr. Manos' opined concentration and work pace limitations and explicitly incorporated them in the RFC assessment. *Id.* at 9. That conclusion was supported by several of the ALJ's findings. Second, I rejected nearly all of Kaminski's arguments regarding the ALJ's translation of Dr. Manos' opinion. *See id.* at 10–14. I found that Kaminski's reliance on *Paul v. Berryhill*, 760 F. App'x 460 (7th Cir. 2019)—a case he said was indistinguishable from ours—was misplaced; I was skeptical of Kaminski's argument that social security regulations required the ALJ ask Dr. Manos to clarify his opinion, but ultimately I declined to resolve that issue; and I concluded that Kaminski failed to demonstrate how the ALJ's assessed concentration limitation was inconsistent with Dr. Manos' opinion.

In the end, I reversed the ALJ's decision on a very narrow issue. Dr. Manos said that Kaminski's "work pace would be obviously slowed." *See* R. 509. I determined that the ALJ failed to explain how his assessed RFC, which found that Kaminski was restricted to a job with no inflexible or fast-paced production requirements, accommodated Dr. Manos' opined work pace limitation. Decision & Order 15. In other words, it was unclear from the ALJ's decision how someone like Kaminski, with "obviously" as opposed to slightly slowed work pace, could keep up in the workplace. I also determined that certain testimony from the vocational expert precluded me from finding the ALJ's mistake harmless. *See id.* at 15–16. The matter was remanded to the Commissioner for further proceedings. *See id.* at 16.

Despite ruling against the Commissioner on that discrete issue, I find that her position overall was substantially justified. *See Stewart*, 561 F.3d at 683 ("[A] party's success on a single claim will rarely be dispositive of whether the government's overall position was substantially justified."). The ALJ did not, as Kaminski suggests, mischaracterize or mispresent Dr. Manos' opinion. The ALJ accurately recounted it in her decision: "Dr. Manos indicated the claimant's . . . work pace would be obviously slowed." R. 755. The ALJ's omission of the "obviously" qualifier a few sentences later was an acceptable shorthand, not a deliberate attempt to hide the extent Kaminski's work pace limitation. The ALJ also did not ignore the vocational expert's testimony about the vocational challenges faced by an individual who works at an obviously slow pace. In fact, it was Kaminski's lawyer who attempted to connect Dr. Manos' opinion to off-task behavior, though it's unclear that's what the psychologist meant by his opinion.

The ALJ's error in this case was one of articulation: the ALJ failed to sufficiently explain how the RFC he assessed accounted for Dr. Manos' opined work pace limitation. "[I]t typically takes something more egregious than just a run-of-the-mill error in articulation to make the commissioner's position unjustified—something like the ALJ's ignoring or mischaracterizing a significant body of evidence, or the commissioner's defending the ALJ's opinion on a forbidden basis." *Bassett v. Astrue*, 641 F.3d 857, 860 (7th Cir. 2011). Nothing more egregious happened here. The ALJ accurately described Dr. Manos' opinion, accepted Dr. Manos' opined concentration and work pace limitations, and attempted to accommodate those limitations in the RFC. The problem is that the ALJ failed to explain how his assessed limitations accounted for *the extent* of Dr. Manos' opinion. And reasonable minds could disagree as to whether the elimination of jobs with inflexible and fast-paced production requirements would sufficiently accommodate an individual with an obviously slowed work pace.

Because the Commissioner's position was substantially justified, the court **DENIES** the plaintiff's motion for attorney's fees and costs pursuant to the Equal Access to Justice Act, ECF No. 34, and **DENIES** the plaintiff's second verified motion for additional attorney's fees pursuant to the Equal Access to Justice Act, ECF No. 48.[3]

**SO ORDERED** this 1st day of December, 2023.

_____
STEPHEN C. DRIES
United States Magistrate Judge

---

[3] Because the Commissioner's position was substantially justified, Kaminski is not entitled to any fees under the Act, and I don't need to address Kijakazi's alternative argument that the fee award should be reduced.

5