UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DAVID PAUL KAMINSKI,

    Plaintiff,

    v.                                                          Case No. 22-CV-8-SCD

MARTIN O'MALLEY,[1]
  *Commissioner of the Social Security Administration,*

    Defendant.

**ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT**

    David Kaminski sought social security disability benefits based on pain stemming from back issues and a traumatic eye injury that caused difficulties concentrating and maintaining work pace. *See* R. 223–30, 263–73, 277–86. An administrative law judge determined that Kaminski became disabled on his fiftieth birthday but was not disabled before then. *See* R. 740–68. Kaminski sought judicial review of that decision, arguing that the ALJ erred in evaluating the medical opinion of Ronald Manos, a psychologist hired by the Social Security Administration to examine Kaminski. *See* ECF Nos. 1, 18, 23.

    The matter was assigned to me, and I affirmed the ALJ's decision in nearly all respects. *See* ECF No. 28. However, I reversed on a very narrow issue, finding that the ALJ failed to explain how his assessed mental RFC, which found that Kaminski was restricted to a job with no inflexible or fast-paced production requirements, accommodated Dr. Manos' opinion that

---

[1] Martin O'Malley became the commissioner of the Social Security Administration in December 2023. Accordingly, the clerk of court shall substitute O'Malley as the named defendant in this action. *See* Fed. R. Civ. P. 25(d).

Kaminski's work pace was "obviously slowed." *Id.* at 15–16. Although I ultimately ruled in Kaminski's favor, I denied his request for attorney fees under the Equal Access to Justice Act because, in my view, the commissioner was substantially justified in his position. *See* ECF No. 54. Kaminski seeks relief from that fee decision under Rule 59(e) of the Federal Rules of Civil Procedure. *See* ECF Nos. 55, 56, 61.

"Rule 59(e) motions offer district courts an opportunity to correct errors that may have crept into the proceeding, before the case leaves the district court for good." *Sosebee v. Astrue*, 494 F.3d 583, 589 (7th Cir. 2007). "A Rule 59(e) motion will be successful only where the movant clearly establishes: '(1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.'" *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013) (quoting *Blue v. Hartford Life & Accident Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012)). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). Thus, relief under Rule 59(e) is an "extraordinary" remedy "reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008) (citing *Dickerson v. Bd. of Educ. of Ford Heights, Ill.*, 32 F.3d 1114, 1116 (7th Cir. 1994)).

Kaminski contends that, in denying his request for EAJA fees, I committed two manifest errors of law. He first argues that I conflated the commissioner's burden in opposing his fee petition. As acknowledged in my previous decision, *see* ECF No. 54 at 2, "[t]he Commissioner bears the burden of proving that both his pre-litigation conduct, including the ALJ's decision itself, and his litigation position were substantially justified," *Stewart v. Astrue*,

2

561 F.3d 679, 683 (7th Cir. 2009) (citing *Conrad v. Barnhart*, 434 F.3d 987, 990 (7th Cir. 2006); *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004)). Kaminski maintains that I merely paid lip service to this command, suggesting that I focused solely on the commissioner's pre-litigation conduct and relieved the commissioner of demonstrating that his litigation position also was substantially justified.

Kaminski has failed to show a misapplication of controlling precedent. The cases that he relies upon establish that, when evaluating a contested EAJA fee motion, district courts may consider both the government's litigation position and the government's pre-litigation conduct and that fees may be awarded if either one was not substantially justified. *See Stewart*, 561 F.3d at 683; *Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994). Kaminski, however, does not cite any binding precedent requiring district courts to recite two separate substantial justification findings. Indeed, the Seventh Circuit has explained that "the district court is to make only one determination for the entire civil action." *Marcus*, 17 F.3d at 1036 (citing *Commn'r v. Jean*, 496 U.S. 154, 159, (1990)); *see also Jackson v. Chater*, 94 F.3d 274, 278 (7th Cir. 1996) ("In examining the government's position, we are to look at both its prelitigation conduct and its litigation position. Yet the statute does not allow for discrete findings as to each of these temporally distinct elements, and we must therefore arrive at one conclusion that simultaneously encompasses and accommodates the entire civil action.").

Moreover, my fee decision did not focus exclusively on the commissioner's pre-litigation conduct. After summarizing the agency proceedings, I explicitly noted that the commissioner "defended the ALJ's decision in all respects," and I outlined the commissioner's arguments before the district court. ECF No. 54 at 3. I also explicitly determined that the commissioner's "position *overall* was substantially justified." *Id.* at 4

3

(emphasis added). I agreed with the commissioner that the ALJ had accepted Dr. Manos' pace limitation, rejecting Kaminski's position that the ALJ actually discounted that portion of his opinion. *Id.* at 3. But I disagreed with the commissioner's argument that the ALJ adequately translated Dr. Manos' findings into specific functional terms. *Id.* at 3–5. Although it's true that my discussion focused mostly on the ALJ's conduct—rather than the commissioner's position in the district court—that's largely how the parties framed the issue. *See* ECF Nos. 40, 47. And it's difficult to see how defending a substantially justified position (here, the ALJ's decision) would not itself be substantially justified, unless the defense itself was forbidden (e.g., a violation of the *Chenery* doctrine—something Kaminski did not allege here).

Kaminski also argues that I misapplied circuit precedent "by assuming that the Commissioner's litigation position is substantially justified whenever the pre-litigation position reflects a common administrative error." ECF No. 56 at 7 (citing *Stewart*). In denying Kaminski's fee request, I determined that the ALJ did not ignore or mischaracterize a significant body of evidence. The ALJ's error, as I saw it, was one of articulation—he failed to sufficiently explain how the mental RFC he assessed accounted for Dr. Manos' opined work pace limitation. Kaminski insists that I significantly downplayed the seriousness of the ALJ's error. According to Kaminski, the ALJ failed to comply with longstanding precedent about evaluating concentration, persistence, and pace (CPP) limitations, and "*Stewart* holds that it is not substantially justified for the Commissioner to allow violations of clear circuit precedents to become 'run of the mill.'" ECF No. 56 at 4–7.

Again, Kaminski has failed to show a wholesale disregard, misapplication, or failure to recognize controlling precedent. The Seventh Circuit reversed the denial of the EAJA

4

petition in *Stewart* because the hypothetical posed by the ALJ in that case did not account for the claimant's documented CPP limitations. *See Stewart*, 561 F.3d at 684–85. Our case is much different. Kaminski does not have a severe mental impairment; rather, his CPP issues are caused by pain stemming from physical limitations to his back and eye. The ALJ acknowledged that pain interfered with Kaminski's ability to concentrate and keep pace, accepted Dr. Manos' opined pace limitation, and attempted to accommodate that limitation in the RFC assessment—the same one he presented to the vocational expert.

      The problem here was twofold. First, Dr. Manos' pace limitation was vague. He said that Kaminski's work pace would be "obviously slowed," but he never explained what he meant by the term "obviously." Maybe he meant simply that it would be obvious to employers that Kaminski was somewhat slowed. Or perhaps he meant that Kaminski's work pace was significantly slowed. I thought the latter interpretation was the more likely one, but Dr. Manos' report didn't provide many clues about the extent of Kaminski's slowness. The lack of clarity therefore started with Dr. Manos. Second, it was unclear from the ALJ's decision whether the assessed RFC adequately accounted for Kaminski's pace limitation. The ALJ translated Dr. Manos' vague limitation into vocationally relevant terms and ultimately eliminated jobs with no inflexible or fast-paced production requirements. But could someone with an obviously slowed pace perform such jobs? Maybe, but the ALJ didn't explain why.

      So, while the ALJ here did generally make a translation error, the vagueness of the underlying medical opinion he relied upon distinguishes our case from the CPP cases cited by Kaminski. In other words, those cases did not address whether an obviously slowed pace can be accounted for by eliminating jobs with inflexible or fast-paced production requirements. The Seventh Circuit also has seemingly walked back that precedent in recent

5

years, emphasizing that there are no categorical rules when it comes to accommodating CPP limitations. *See* ECF No. 57 at 5 (collecting cases). Precedent that may have been clear a decade ago is hazier today. Thus, the commissioner's position—both her pre-litigation conduct and her litigation position—had a reasonable basis in fact and law at the time.

Because Kaminski has failed to establish that the court committed a manifest error of law in denying his fee motions, I **DENY** his motion to alter or amend judgment, ECF No. 55.

**SO ORDERED** this 1st day of March, 2024.

_____
STEPHEN C. DRIES
United States Magistrate Judge